JAMES M. ROBBINS *& al. versus* WALTER S. VOSE *& al.*

In assumpsit, by a holder against an indorser of a negotiable promissory note, what circumstances will amount to a waiver of demand and notice.

ON REPORT from *Nisi Prius*, MAY, J., presiding.
ASSUMPSIT.
The facts sufficiently appear in the opinion.

*B. Bradbury*, for the plaintiffs.

*A. Hayden*, for the defendants.

CUTTING, J.—*Assumpsit* brought to recover of the defendants, as co-partners, and in that capacity indorsers of three notes, dated May 26, 1855, given by one *Amaziah Nash*, and payable to their order at future times. It appearing that there was no legal demand and notice, the principal question, now presented, is, whether the evidence produced proves a waiver; in which event, according to the agreement of the parties, the action is to stand for trial, otherwise the plaintiffs are to become *nonsuit*.

The notes were given for stumpage of lumber cut on the plaintiffs' land by Nash, who was supplied in that operation by the defendants, under an agreement that the latter was to receive the lumber for all supplies advanced and liabilities assumed. *Thomas Brewer*, a witness called by the plaintiffs, testifies *that*, when the first note became due, he, as the agent of one of the plaintiffs, presented it to *Nash* and demanded payment; that *Nash* expressed surprise at being

called upon to pay the note, and said that the defendants had agreed to provide for it; and, a short time afterwards, told the witness, if the plaintiffs would wait for the payment of this first note until the second became due, the defendants would give a draft for both, which proposition was acted upon by the plaintiffs, but notice of its acceptance was not communicated to *Nash;* that, subsequently, the witness requested payment of the three notes of one of the defendants, which he declined to do, and also refused to accept a draft drawn on them by Nash, for the amount of the three notes, after they had become due, in favor of the plaintiffs.

The foregoing testimony, unless connected in some way with the defendants, was wholly inadmissible; but the plaintiffs' attempt so to do, and, for that purpose, introduce the deposition of *Nash*, who, after testifying to certain preliminaries as to the origin of the notes, and being called upon to pay the first, states that he subsequently had an interview with one of the defendants and informed him that the first note had been presented for payment; he replied, that it must be taken care of, but it "wan't best to be in a hurry." That it passed on until the second note became due, which he was requested to pay, as he had been the first; his reply was, that he "had no means of paying it, that the defendants would pay it, such was the understanding." Which fact was disclosed to the defendants, who then replied, "it is best to let it stand, they will not sue now; it is best to let it remain until the other note becomes due, and then we will give an acceptance to pay the three at one time—pay them altogether." Upon these facts being communicated to the plaintiffs, they replied, "if you can't do any better we shall have to submit." The facts, as thus presented, are somewhat similar to those disclosed in *Patterson* v. *Vose*, one of these same defendants, 43 Maine, 552; where the law relating to the subject of waiver of demand and notice is fully discussed, and the authorities cited. We think the case should have proceeded in the trial. As it is now presented by the plain-

tiffs' testimony, the presumption of waiver is in their favor, and they will be entitled to a verdict, unless that presumption is removed by the defendants.

*Action to stand for trial.*

APPLETON, C. J., DAVIS, KENT, WALTON and BARROWS, JJ., concurred.